**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1267**

CHUKWUJINDU VICTOR MBAKPUO,

        Petitioner - Appellant,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted: July 8, 2011           Decided: July 21, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Chukwujindu Victor Mbakpuo, Appellant Pro Se.  Channah Marti Farber, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chukwujindu Victor Mbakpuo, a native and citizen of Nigeria, petitions for review an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider and his separate motion to reopen. We dismiss in part and deny in part the petition for review.

In the initial final order of removal, Mbakpuo's application for cancellation of removal was denied as a matter of discretion and because he was not statutorily eligible for such relief. Insofar as Mbakpuo seeks review of that part of the Board's order denying reconsideration of the denial of cancellation of removal as a matter of discretion, this court does not have jurisdiction. See Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006) ("When the [Board] refuses to reconsider the *discretionary* denial of relief under one of the provisions enumerated in 1252(a)(2)(B) - a decision which is not subject to review in the first place - the court will not have jurisdiction to review *that same denial* merely because it is dressed as a motion to reconsider."). This court also does not have jurisdiction to review that part of the Board's order deciding not to grant reopening sua sponte. Mosere v. Mukasey, 552 F.3d 397, 400-01 (4th Cir. 2009). Accordingly, this court dismisses the petition for review from those parts of the Board's order.

Insofar as Mbakpuo seeks review of the Board's order denying his motion to reconsider the finding that he was not statutorily eligible for cancellation of removal, this court's review is for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999); see 8 C.F.R. § 1003.2(a) (2011). Motions to reconsider are especially disfavored "in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Doherty, 502 U.S. at 323. A motion to reconsider asserts the Board made an error in its earlier decision. It must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1) (2011); see also 8 U.S.C. § 1229a(c)(6)(C) (2006) ("The motion [to reconsider] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006). We conclude the Board did not abuse its discretion denying the motion to reconsider the finding that he was not statutorily eligible for cancellation of removal. We further conclude the Board did not

3

abuse its discretion finding Mbakpuo was not prejudiced when the Board initially found he waived his adjustment of status claim.

We also conclude the Board did not err finding that the motion to reopen was untimely. An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (2006); 8 C.F.R. § 1003.2(c)(2) (2011). The Board's final order was entered June 18, 2010. Mbakpuo's motion was filed on September 17, 2010, or one day beyond the ninety day period.

Accordingly, we dismiss the petition for review from those parts of the Board's order over which this court does not have jurisdiction and deny the petition for review from the remaining parts of the Board's order.

PETITION DENIED IN PART AND DISMISSED IN PART